**Raul Antonio LAZO–PORTILLO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 08–70621.**

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed July 2, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Joan H. Hogan, OIL, DOJ–U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: PAEZ, TALLMAN, N.R. SMITH, Circuit Judges.

## MEMORANDUM \*\*

Raul Antonio Lazo–Portillo, a native and citizen of El Salvador, petitions pro se for review of a Board of Immigration Appeals order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We review factual findings for substantial evidence, *Santos–Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir.2008), and deny the petition for review.

Substantial evidence supports the Board's denial of asylum and withholding of removal because Lazo–Portillo failed to show his alleged persecutors threatened him on account of a protected ground. His fear of future persecution based on an actual or imputed anti-gang or anti-crime opinion is not on account of the protected ground of either membership in a particular social group, *see id.* at 745–46 (holding that the group of young men in El Salvador resisting gang violence is too loosely defined to meet the requirement for par-

Raul Antonio Lazo–Portillo, Los Angeles, CA, pro se.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ticularity), or political opinion, *see id.* at 747 (affirming Board's determination that "general aversion to gangs does not constitute a political opinion for asylum purposes"). *See also Ochave v. INS,* 254 F.3d 859, 865 (9th Cir.2001) ("Asylum generally is not available to victims of civil strife, unless they are singled out on account of a protected ground.")

█ Substantial evidence also supports the Board's denial of CAT relief based on the Board's finding that Lazo–Portillo did not establish a likelihood of torture by, at the instigation of, or with the consent or acquiescence of the Bolivian government. *See Arteaga v. Mukasey,* 511 F.3d 940, 948–49 (9th Cir.2007).

**PETITION FOR REVIEW DENIED.**